# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION (KANSAS CITY)

SHANNON EMERY,                                    CASE NO. 4:21-cv-00088-FJG
        Plaintiff,

    vs.                                           JUDGE Fernando J. Gaitan, Jr.

WELLS FARGO, N.A.; and
TRANSUNION, LLC;
        Defendants.

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows. For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

## PRELIMINARY STATEMENT

1.     Mr. Emery files this action for breach of contract and for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") which relates to the proper dissemination and use of consumer credit and other financial information.

**ANSWER:**   Trans Union denies that it violated the FCRA (or any other law). Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## JURISDICTION & VENUE

2.     This Court has jurisdiction over this matter pursuant to Section 478.070 of the Revised Statutes of Missouri and Article V, Section 14 of the Missouri Constitution.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

3.     Venue in this District is proper in that Mr. Emery resides here, Defendant transacts business here and the conduct complained of occurred here.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## PARTIES

4.     Mr. Emery is a natural person and resident of Missouri.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

5.     The debt relevant to this dispute was incurred in the course of attempts at and actual acquisition of property or services for personal, family or household use, so Mr. Emery is a "consumer" as that term is defined the FCRA at 15 U.S.C. § 1681a(c).

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.     Wells Fargo Bank, N.A ("Wells Fargo") is a corporation that regularly transacts business in Missouri.  Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. and is included in any reference to "Wells Fargo" as any distinction is immaterial for the purposes of the facts alleged below.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

7. Wells Fargo regularly, and in the course of business furnishes information to various consumer reporting agencies and is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b).

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

8. TransUnion, LLC. ("TransUnion") is a corporation regularly conducting business in the State of Missouri. TransUnion is a "consumer reporting agency," ("CRA") as defined 15 U.S.C. §1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

**ANSWER:** Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

## STATEMENT OF FACTS

9. Mr. Emery repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

**ANSWER:** Trans Union reasserts its answers and responses set forth herein.

10. On or about June 24, 2015, Mr. Emery filed a complaint ("2015 Complaint," attached hereto as Exhibit A and incorporated by reference here) in the district court for the Western District of Missouri alleging that Wells Fargo violated the 15 U.S.C. §1681 *et seq.,* the Fair Credit Reporting Act ("FCRA") by reporting inaccurate information regarding a certain mortgage account. ("The Account").

**ANSWER:** Trans Union states that the document identified as "Exhibit A" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11. On or about May 17, 2016, Mr. Emery and Wells Fargo entered a settlement agreement ("Settlement" filed concurrently under seal as Exhibit B).

**ANSWER:** Trans Union states that the document identified as "Exhibit B" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

12. The Settlement is to be interpreted under the laws of Missouri.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

13. In relevant portion of the Settlement, Wells Fargo obtained a release by Mr. Emery for the claims alleged in the 2015 Complaint.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

14.     Wells Fargo also obtained Mr. Emery's agreement to indemnify and defend Wells Fargo against all future claims of Mr. Emery's against Wells Fargo related to reporting of the Account on credit reports.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

15.     The cardinal principle of contract interpretation is to ascertain the intention of the parties and to give effect to that intent. *Butler v. Mitchell-Hugeback, Inc.,* 895 S.W.2d 15, 21 (Mo. banc 1995).

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

16.     The terms of a contract are read as a whole to determine the intention of the parties and are given their plain, ordinary, and usual meaning. *Id.; City of Harrisonville v. Public Water Supply Dist. No. 9 of Cass County,* 49 S.W.3d 225, 231 (Mo.App. WD 2001).

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

17.     Additionally, each term of a contract is construed to avoid rendering other terms meaningless. *City of Harrisonville,* 49 S.W.3d at 231.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

18.     A construction that attributes a reasonable meaning to all the provisions of the agreement is preferred to one that leaves some of the provisions without function or sense. *Id.*

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

19.     "It is a 'well-established rule of construction that a contract provision exempting one from liability for his or her negligence will never be implied but must be clearly and explicitly stated.'" *Alack v. Vic Tanny International, Inc.,* 923 S.W.2d 330, 334 (Mo. banc 1996) quoting *Poslosky* v. *Firestone Tire and Rubber Co.,* 349 S.W.2d 847, 850 (Mo. 1961).

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

20.     "The words 'negligence' or 'fault' or their equivalents must be used conspicuously so that a clear and unmistakable waiver and shifting of risk occurs." *Alack,* 923 S.W.2d at 337-38.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

21.     "Additionally, there is no question that one may never exonerate oneself from future liability for intentional torts or for gross negligence, or for activities involving the public interest." *Alack,* 923 S.W.2d at 337.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

22.     The FCRA prohibits Wells Fargo from furnishing inaccurate information to the CRAs. 15 U.S. Code § 1681s-2a.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

23.     Wells Fargo and Mr. Emery could not have agreed to allow Wells Fargo to submit inaccurate information to the CRAs.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

24. In context of the 2015 Complaint, Wells Fargo and Mr. Emery necessarily agreed in the Settlement on the correct reporting of the Account, as this is indispensable to effectuate the intention of the parties.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

25. In the context of the 2015 Complaint, the agreement that Wells Fargo would continue reporting accurately is so clearly within the contemplation of the parties that Wells Fargo and Mr. Emery deemed it unnecessary to express it.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

26. It is legally necessary that Wells Fargo agreed to report the Account as the parties agreed it should be reported, as otherwise the Settlement would be an agreement against public policy.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

27. Had, at the time of formation, Wells Fargo told Mr. Emery that the Settlement would allow Wells Fargo to report information either Wells Fargo or Mr. Emery believed to be inaccurate, Mr. Emery would have insisted on an express provision stating that Wells Faro had to report accurately.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.     The Settlement did not completely cover Wells Fargo's future reporting in explicit language, as the Settlement, read as a whole and in context of the lawsuit discussed within it, clearly implies an agreement that Wells Fargo would continue reporting the Account accurately from the date of the Settlement and going forward.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

29.     The Settlement was intended to resolve any dispute about how the Account should be reported on credit reports and obligated Wells Fargo to avoid erroneous reporting on the Account.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

30.     Wells Fargo, however, only has control over the information it furnishes to the CRAs.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

31.     Where a CRA ignores information furnished by Wells Fargo or independently creates errors on a credit report, Wells Fargo does not have the authority to force a CRA to change the credit report.

**ANSWER:**     As Plaintiff's allegations are stated and absent a proper definition of the terms employed Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a

denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

32.     After executing the settlement, Emery discovered inaccurate information reported about the Account on his credit reports, which Emery understood to be the fault of the CRAs, specifically, TransUnion, LLC ("TransUnion").

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

33.     Mr. Emery disputed the inaccurate information through online disputes without success on multiple occasions.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

34.     Pursuant to § 168li of the FCRA, the CRAs investigated the Account for accuracy.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

35.     As part of their investigation of Mr. Emery's dispute, the CRAs sent notice of Mr. Emery's dispute to Wells Fargo.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

36. Pursuant to § 1681s-2(b) of the FCRA, Wells Fargo was then obligated to investigate the disputed information for accuracy and report the results to the CRAs.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

37. Pursuant to § 1681s-2(b) of the FCRA, Wells Fargo was obligated to update and correct its reporting for any furnished information was inaccurate regarding The Account to all CRAs to whom Wells Fargo had previously reported the Account.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

38. On information and belief, Wells Fargo sent correspondence to the CRAs with whom Mr. Emery disputed the Account providing inaccurate information regarding the Account, including current status, account balance and/or payment history.

**ANSWER:** Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

39.    In response to Mr. Emery's dispute, the CRAs reported to Mr. Emery that the Account had been either verified or updated by Wells Fargo but continued to report inaccurate information.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

40.    On or about March 2, 2020, Wells Fargo sent Emery a letter (attached hereto as Exhibit C and incorporated by reference) admitting that there was an "issue related to the reporting of [the Account]" and "Wells Fargo' addressed the issue and updated the information ***[Wells Fargo] provided*** about the account to the consumer reporting agencies." (emphasis added).

**ANSWER:**    Trans Union states that the document identified as "Exhibit C" speaks for itself.  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

41.    Mr. Emery does not know the precise date that Wells Fargo began sending inaccurate information to TransUnion and will need discovery to ascertain when Wells Fargo's erroneous reporting began damaging him by causing his credit reports to be inaccurate.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

42.    Between May 17, 2016 and March 2, 2020, Wells Fargo furnished inaccurate information about the Account to the credit reporting agencies, causing the agencies, specifically

including TransUnion to publish inaccurate and incomplete information about Mr. Emery on Mr. Emery's credit report.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

43.    Wells Fargo breached the Settlement by reporting inaccurate information to the CRAs, specifically including TransUnion.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

44.    As a direct and proximate result of Wells Fargo's breach, Mr. Emery has been denied the benefit of the bargain that Mr. Emery struck with Wells Fargo, which benefit was that Wells Fargo report accurate information about the Account to the CRAs.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

45.    As a direct and proximate result of Wells Fargo's breach, Mr. Emery has suffered financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, which damages were the foreseeable consequences of Wells Fargo's breach.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## CLAIMS FOR RELIEF

## COUNT I: BREACH OF CONTRACT

46.    Mr. Emery repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

**ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

47.    On May 17, 2016 Mr. Emery and Wells Fargo entered an agreement that, in relevant part, Wells Fargo would report accurate information about the Account to the CRAs. This agreement was memorialized in the Settlement, a true and accurate copy of which is attached as Exhibit B.

**ANSWER:**    Trans Union states that the document identified as "Exhibit B" speaks for itself. Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

48.    Mr. Emery fulfilled his obligations under the Settlement.

**ANSWER:**    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

49.    Wells Fargo breached the Settlement by reporting inaccurate information to the CRAs on or after May 17, 2016, specifically including TransUnion.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50. As a result of Wells Fargo's breach Mr. Emery has suffered financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, which damages were the foreseeable consequences of Wells Fargo's breach.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51. Mr. Emery has employed legal counsel to pursue recovery against Wells Fargo for breach of contract and has incurred legal fees and expenses in connection therewith.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

52. Pursuant to the Settlement, Mr. Emery is entitled to recover his reasonable attorneys' fees and expenses of this action.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

**WHEREFORE,** Mr. Emery prays for judgment on this ***Claim for Relief*** in his favor and against Wells Fargo for:

a) Actual damages in an amount to be determined by a jury and expected to exceed $25,000; and

b) Reasonable costs and attorneys' fees; and

c)      For such other relief as the Court deems just and proper.

**ANSWER:**    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### COUNT II: Negligent or Willful Violations of 15 U.S.C. § 1681s-2 by Wells Fargo

53.    Mr. Emery repeats, re-alleges, and incorporates by reference all paragraphs above as if fully rewritten here.

**ANSWER:**    Trans Union reasserts its answers and responses set forth herein.

54.    Within two years prior to filing this suit, Mr. Emery disputed the accuracy of Wells Fargo's reporting on the Account to multiple CRAs, specifically including TransUnion.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

55.    On information and belief, Wells Fargo received notice that Mr. Emery had disputed the accuracy of Wells Fargo's reporting of the Account.

**ANSWER:**    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

56. Pursuant to the FCRA, 15 U.S.C. § 1681s-2(b), Wells Fargo must perform a reasonable investigation of information furnished to CRAs when a Consumer disputes the accuracy with the CRAs.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

57. Wells Fargo reasonably should have investigated to discover whether Wells Fargo knew or had good cause to believe the information furnished regarding the Account was inaccurate.

**ANSWER:** Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

58. Wells Fargo knew and/or reasonably should have known that Wells Fargo was reporting inaccurate information about the Account, without any dispute or notice from Mr. Emery.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59. An unreasonable, cursory review of Mr. Emery's dispute and Wells Fargo's records would have revealed good cause to believe the reporting was inaccurate as the information being reported did not match Wells Fargo's internal records.

**ANSWER:** Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

60.     Even an unreasonable, cursory review of Mr. Emery's dispute and Wells Fargo's records would have revealed good cause to believe the reporting was inaccurate as Mr. Emery and Wells Fargo had previously litigated this issue.

**ANSWER:**     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5). Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

61.     Wells Fargo would have known its reporting was not accurate if Wells Fargo had performed a reasonable investigation in good faith.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

62.     A reasonable, good faith investigation would have resulted in Wells Fargo changing their representation of the Account.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

63.     Wells Fargo did not conduct a reasonable investigation in that Wells Fargo's "validation" of its reporting must either be the result of failure to review Wells Fargo's records or a mere pretextual review and "validation" regardless of actual merit.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

64.     Wells Fargo failed to perform a reasonable, good-faith investigation and then continued reporting inaccurate information about the Account to the CRAs.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

65. By willfully conducting a pretextual or less than a reasonable investigation into Plaintiff's disputes, Wells Fargo willfully violated § 1681s-2(b)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

66. In the alternative, by failing to conduct a reasonable investigation into Plaintiff's disputes, Wells Fargo negligently violated § 1681s-2(b)(l).

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

67. As a direct and proximate result of Wells Fargo's willful and/or negligent refusal to comply with the FCRA as described herein, Mr. Emery has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss of credit opportunity, damage to reputation, expenditure of significant time, energy and out-of-pocket costs, considerable distress, mental anguish, worry, frustration, fear and embarrassment, entitling Plaintiff to an award of actual damages as determined by the jury, plus attorney's fees and the costs of this action, pursuant to 15 U.S.C. § 1681o.

**ANSWER:** Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

68.     Wells Fargo's complete and utter indifference as to its obligations under the FCRA reveals a conscious disregard of the rights of Plaintiff, and the injuries suffered by Plaintiff are attended by circumstances of fraud, malice, and willful and wanton misconduct, calling for an assessment of punitive damages against Wells Fargo, pursuant to 15 U.S.C. § 1681n(a)(2).

**<u>ANSWER</u>:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

**WHEREFORE** Mr. Emery prays for judgment on this ***Claim for Relief*** in his favor and against Wells Fargo, and for the following relief:

(a)     Actual damages sustained in an amount determined by a jury;

(b)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(c)     Punitive damages in an amount to be determined by the jury;

(d)     Reasonable attorney's fees and costs; and

(e)     Any further relief as deemed appropriate and just by this Honorable Court.

**<u>ANSWER</u>:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## <u>COUNT III: Violations of 15 U.S.C. § 1681 By TransUnion</u>

69.     Mr. Emery repeats, realleges, and reasserts the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

**<u>ANSWER</u>:**     Trans Union reasserts its answers and responses set forth herein.

70.     TransUnion prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Emery as that term is used and defined under 15 U.S.C. § 1681a.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

71.     Said reports contained information about Mr. Emery that was false, misleading, and inaccurate.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

72.     TransUnion negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Emery, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

73.     Specifically, Mr. Emery informed TransUnion that Wells Fargo had been inaccurately reporting the Account, and Wells Fargo changed the information Wells Fargo was reporting to TransUnion on or about March 2, 2020.

**ANSWER:**     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

74.     A reasonable investigation would have uncovered the fact that Wells Fargo had voluntarily admitted and/or taken steps demonstrating that Wells Fargo had been providing inaccurate information to TransUnion, substantiating Mr. Emery's claim.

**ANSWER:**     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

75.     After receiving Mr. Emery's dispute regarding the Account, TransUnion negligently and willfully failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

76.     As a direct and proximate result of TransUnion's willful and/or negligent refusal to comply with the FCRA as described herein, Mr. Emery has suffered loss and damage including, but not limited to: financial loss, loss of creditworthiness, loss o: credit opportunity, damage to reputation, expenditure of significant time, energy and out of-pocket costs, distress, mental anguish, worry, frustration, fear and embarrassment.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

77.     TransUnion's conduct, action and inaction was willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined b) a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, TransUnion was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**ANSWER:**     Trans Union denies the allegations contained in this paragraph.

WHEREFORE, Mr. Emery prays that this court grant him a judgment against TransUnion for:

(f)     Actual damages sustained in an amount determined by a jury;

(g)     Statutory damages of not less than $100 and not more than $1000 on each willful violation of the FCRA;

(h)     Punitive damages in an amount to be determined by the jury;

(i)     Reasonable attorney's fees and costs; and

(j)     Any further relief as deemed appropriate and just by this Honorable Court.

**ANSWER:**     Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## JURY DEMAND

Plaintiff respectfully demands a jury trial on all issues so triable.

**ANSWER:**     Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

## AFFIRMATIVE DEFENSES

1.     Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.     Plaintiff's state law and common law claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

3.     Trans Union's reports concerning Plaintiff were true or substantially true.

4.     Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.     Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. §§ 1681h(e) and/or 1681t.

7.     At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions and the common law.

8.     Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver and laches.

9.     Plaintiff has failed to take reasonable steps to mitigate his damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC, be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Respectfully submitted,

*s/Todd A. Lubben*
Todd A. Lubben, Esq. (MO #54746)
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO  63101-2000
Telephone:  314-421-3400
Fax:  314-242-5480
E-Mail:  tlubben@bjpc.com

*Counsel for Defendant Trans Union, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **23rd day of February, 2021**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Keith Williston, Esq. willistonkeith@yahoo.com | |
|---|---|

*s/Todd A. Lubben*
Todd A. Lubben, Esq. (MO #54746)
Brown & James, P.C.
800 Market Street, Suite 1100
St. Louis, MO  63101-2000
Telephone:  314-421-3400
Fax:  314-242-5480
E-Mail:  tlubben@bjpc.com

*Counsel for Defendant Trans Union, LLC*