# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHANNON EMERY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:21-CV-00088-FJG ) ) |
| WELLS FARGO BANK, N.A. *et al.*, | ) ) |
| Defendants. | ) |

## WELLS FARGO BANK, N.A.'S ANSWER TO PLAINTIFF'S COMPLAINT

For its Answer to Plaintiff Shannon Emery's ("Emery" or "Plaintiff") Complaint (the "Complaint"), Defendant Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo") states as follows:

## INTRODUCTION

1. Wells Fargo states that the allegations of Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 1.

## JURISDICTION AND VENUE

2. Wells Fargo states that the allegations of Paragraph 2 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations in Paragraph 2, as this case has been removed to the United States District Court for the Western District of Missouri.

3. Wells Fargo states that the allegations of Paragraph 3 are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies

the allegations in Paragraph 3, as this case has been removed to the United States District Court for the Western District of Missouri.

## PARTIES

4. Wells Fargo admits the allegations of Paragraph 4 of the Complaint.

5. Wells Fargo states that the allegations of Paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 5.

6. Wells Fargo denies it is a corporation and states it is federally chartered national bank. Wells Fargo admits the remaining allegations of Paragraph 6 of the Complaint.

7. Wells Fargo states that the allegations of Paragraph 7 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 7.

8. Wells Fargo states that the allegations of Paragraph 8 of the Complaint do not pertain to it and, therefore, no response is required. To the extent a response is deemed required, Wells Fargo lacks sufficient information to admit or deny the allegations of Paragraph 8 and, therefore, denies the allegations of Paragraph 8.

## STATEMENT OF FACTS

9. Wells Fargo incorporates its answers above as if fully set forth below.

10. Wells Fargo states that the allegations of Paragraph 10 of the Complaint are based on a written document that speaks for itself. Wells Fargo denies any characterizations or mischaracterizations of the written document.

11. Wells Fargo states that the allegations of Paragraph 11 of the Complaint are based on a written document that speaks for itself. Wells Fargo denies any characterizations or mischaracterizations of the written document.

12. Wells Fargo admits the allegations of Paragraph 12 of the Complaint.

13. Wells Fargo admits the allegations of Paragraph 13 of the Complaint.

14. Wells Fargo admits the allegations of Paragraph 14 of the Complaint.

15. Wells Fargo states that the allegations of Paragraph 15 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 15.

16. Wells Fargo states that the allegations of Paragraph 16 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 16.

17. Wells Fargo states that the allegations of Paragraph 17 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 17.

18. Wells Fargo states that the allegations of Paragraph 18 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 18.

19. Wells Fargo states that the allegations of Paragraph 19 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 19.

20. Wells Fargo states that the allegations of Paragraph 20 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 20.

21. Wells Fargo states that the allegations of Paragraph 21 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 21.

22. Wells Fargo states that the allegations of Paragraph 22 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 22.

23. Wells Fargo states that the allegations of Paragraph 23 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 23.

24. Wells Fargo admits that it and Emery entered into a Settlement Agreement. Further answering, Wells Fargo notes that in the Settlement Agreement, Emery agreed that the reporting on his loan was correct as of the date of the Settlement Agreement and that Wells Fargo and Emery expressly denied any liability. Wells Fargo, therefore, denies the remaining allegations of Paragraph 24.

25. Wells Fargo denies the allegations of Paragraph 25 of the Complaint.

26. Wells Fargo states that the allegations of Paragraph 26 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 26.

27. Wells Fargo lacks sufficient information to admit or deny the allegations of Paragraph 27 of the Complaint and, therefore, denies the allegations of Paragraph 27.

28. Wells Fargo admits that the Settlement Agreement did not address Wells Fargo's future reporting of Emery's loan. Wells Fargo denies the remaining allegations of Paragraph 28.

29. Wells Fargo admits that the Settlement Agreement was intended to resolve prior disputes concerning Wells Fargo's reporting of Emery's loan. Wells Fargo denies the remaining allegations of Paragraph 29.

30. Wells Fargo admits the allegations of Paragraph 30 of the Complaint.

31. Wells Fargo admits the allegations of Paragraph 31 of the Complaint.

32. Wells Fargo lacks sufficient information to admit or deny the allegations of Paragraph 32 of the Complaint and, therefore, denies the allegations of Paragraph 32.

33. Wells Fargo admits Emery disputed the information on his credit reports. Wells Fargo denies the remaining allegations of Paragraph 33.

34. Wells Fargo lacks information sufficient to admit or deny the allegations of Paragraph 34 of the Complaint and, therefore, denies the allegations of Paragraph 34.

35. Wells Fargo admits that it has received disputes regarding the reporting of Emery's loan. Wells Fargo lacks sufficient information to admit or deny the remaining allegations of Paragraph 35 in that Emery alleges he submitted multiple disputes to various credit reporting agencies without identifying the number of disputes he submitted or the dates those disputes were submitted. Wells Fargo, therefore, lacks sufficient information to answer and must deny the allegations of Paragraph 35.

36. Wells Fargo states that the allegations of Paragraph 36 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 36.

37. Wells Fargo states that the allegations of Paragraph 37 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 37.

38. Wells Fargo admits it has submitted information to various credit reporting agencies regarding the status of Emery's loan. Wells Fargo denies that this information was inaccurate and lacks sufficient information to admit or deny the allegations of Paragraph 38 of the Complaint in that Emery alleges he submitted multiple disputes to various credit reporting agencies without identifying the number of disputes he submitted or the dates those disputes were submitted. Wells Fargo, therefore, lacks sufficient information to answer and must deny the remaining allegations of Paragraph 38.

39. Wells Fargo lacks sufficient information to admit or deny the allegations of Paragraph 39 of the Complaint and, therefore, denies the allegations of Paragraph 39.

40. Wells Fargo states that the allegations of Paragraph 40 of the Complaint are based on a written document which speaks for itself. Wells Fargo denies any characterizations or mischaracterizations of the written document.

41. Wells Fargo denies it sent inaccurate information to the credit reporting agencies. Wells Fargo lacks sufficient information to admit or deny the remaining allegations of Paragraph 41 of the Complaint and, therefore, denies the remaining allegations of Paragraph 41 of the Complaint.

42. Wells Fargo denies the allegations of Paragraph 42 of the Complaint.

43. Wells Fargo denies the allegations of Paragraph 43 of the Complaint.

44. Wells Fargo denies the allegations of Paragraph 44 of the Complaint.

45. Wells Fargo denies the allegations of Paragraph 45 of the Complaint.

# CLAIMS FOR RELIEF

## COUNT I: BREACH OF CONTRACT

46. Wells Fargo incorporates its answers above as if fully set forth below.

47. Wells Fargo admits that it entered into an agreement with Emery dated May 17, 2016 and that a copy of that agreement is attached to the Complaint as Exhibit B. Wells Fargo denies the remaining allegations of Paragraph 47 of the Complaint.

48. Wells Fargo denies the allegations of Paragraph 48 of the Complaint because, among other things, Emery has breached the Settlement Agreement by bringing this action.

49. Wells Fargo denies the allegations of Paragraph 49 of the Complaint.

50. Wells Fargo denies the allegations of Paragraph 50 of the Complaint.

51. Wells Fargo admits the allegations of Paragraph 51 of the Complaint.

52. Wells Fargo denies the allegations of Paragraph 52 of the Complaint.

WHEREFORE, Wells Fargo requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## COUNT II

53. Wells Fargo incorporates its answers above as if fully set forth below.

54. Wells Fargo admits the allegations of Paragraph 54 of the Complaint.

55. Wells Fargo admits that it has received notices that Emery disputed the accuracy of the reporting of his account. Wells Fargo lacks sufficient information to admit or deny the remaining allegations of Paragraph 55 of the Complaint in that Emery alleges he submitted multiple disputes to various credit reporting agencies without identifying the number of disputes he submitted or the dates those disputes were submitted. Wells Fargo, therefore, lacks sufficient information to answer and must deny the remaining allegations of Paragraph 55.

56. Wells Fargo states that the allegations of Paragraph 56 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 56.

57. Wells Fargo states that the allegations of Paragraph 57 of the Complaint are legal conclusions to which no response is required. To the extent a response is deemed required, Wells Fargo denies the allegations of Paragraph 57.

58. Wells Fargo denies the allegations of Paragraph 58 of the Complaint.

59. Wells Fargo denies the allegations of Paragraph 59 of the Complaint.

60. Wells Fargo denies the allegations of Paragraph 60 of the Complaint.

61. Wells Fargo denies the allegations of Paragraph 61 of the Complaint.

62. Wells Fargo denies the allegations of Paragraph 62 of the Complaint.

63. Wells Fargo denies the allegations of Paragraph 63 of the Complaint.

64. Wells Fargo denies the allegations of Paragraph 64 of the Complaint.

65. Wells Fargo denies the allegations of Paragraph 65 of the Complaint.

66. Wells Fargo denies the allegations of Paragraph 66 of the Complaint.

67. Wells Fargo denies the allegations of Paragraph 67 of the Complaint.

68. Wells Fargo denies the allegations of Paragraph 68 of the Complaint.

WHEREFORE, Wells Fargo requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## **COUNT III**

69-77. Wells Fargo states that the allegations of Paragraphs 69-77 do not pertain to it and, therefore, no response is required. To the extent a response is deemed required, Wells Fargo

lacks information to admit or deny the allegations of Paragraphs 69-77 of the Complaint and, therefore, denies these allegations.

WHEREFORE, Wells Fargo requests an order of this Court granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

## **AFFIRMATIVE DEFENSES**

1. One or more counts of the Complaint fail to state a claim on which relief can be granted.

2. Plaintiff's claims are barred by his prior settlement of his FCRA claims with Wells Fargo.

3. Plaintiff's claims are barred pursuant to the release he granted Wells Fargo in the Settlement Agreement.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Wells Fargo has complied with the FCRA in its reporting of Plaintiff's account, and is entitled to each and every defense stated in the Act, including any and all limitations on liability.

6. Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

7. Wells Fargo's liability for Plaintiff's claims, if any, is reduced by the doctrines of comparative negligence or contributory fault. At all times, the actions of Wells Fargo were based on business justifications and were made in good faith.

8. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, unclean hands, statutes of frauds, failure to mitigate alleged damages, acquiescence, mistake, release, accord, and laches.

9. Plaintiff's claims are barred because Wells Fargo's conduct was at all times undertaken in good faith.

10. Plaintiff's claims are barred because there is no causal relationship between any injury Plaintiff alleged he suffered and any act of Wells Fargo.

11. Any damages Plaintiff suffered were caused by the conduct of others and not by Wells Fargo.

12. Plaintiff is not entitled to any relief because he did not suffer damages as the result of any act or omission of Wells Fargo.

13. Plaintiff's claims are barred by the doctrine of avoidable consequence because of a failure to take necessary action to avoid the alleged damages.

14. Plaintiff's claims for attorneys' fees are barred because he is not entitled to such attorneys' fees under an applicable contract or statute as required under Missouri law.

15. Wells Fargo never employed conduct that was intentional, willful, wanton, or malicious and never showed a complete indifference to or a conscious disregard of any rights such that Wells Fargo would be liable for punitive damages.

16. Plaintiff's claim for punitive damages is unconstitutional as it is in violation of Wells Fargo's rights to due process and equal protection under the Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and same or similar guarantees of the Constitution of the State of Missouri, including Article I, Sections 2, 10, 21, and 28 of the

Constitution of the State of Missouri, and amount to an improper fine and/or penalty against Wells Fargo and should be dismissed.

17. Wells Fargo reserves the right to add to or modify the defenses it has asserted to the Complaint as this matter proceeds.

WHEREFORE, having fully answered the Complaint, Wells Fargo requests an order of the Court dismissing the case or, alternatively, granting judgment in its favor and for such other and further relief as the Court deems just and appropriate.

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: */s/ Hilary H. Sommer*
Eric D. Martin, MO #47558
Hilary H. Sommer, MO #47898
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020
eric.martin@bclplaw.com
hilary.sommer@bclplaw.com

and

William J. Easley, MO #70041
1200 Main Street, Suite 3800
Kansas City, Missouri 64105
Telephone: (816) 374-3200
Facsimile: (816) 374-3300
will.easley@bclplaw.com

ATTORNEYS FOR DEFENDANT WELLS FARGO BANK, N.A.

## CERTIFICATE OF SERVICE

      I hereby certify that on April 7, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record:

                                                  /s *Hilary H. Sommer*
                                                Attorney for Wells Fargo